UNITED STATES OF AMERICA
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:00CR323-SNL |
| | ) | |
| RAYMOND G. STEARNS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Following a plea of guilty to attempted bank robbery, this Court sentenced the defendant on November 8, 2000 to 64 months custody of the United States Bureau of Prisons followed by a three year period of supervised release. The supervised release period began February 5, 2005, however, defendant had previously been released to a halfway house in the fall of 2004. That period of time from the fall of 2004 until February 5, 2005 was countable on the custody order.

On February 4, 2005 the Probation Office petitioned the Court to modify the conditions of supervision by including a variety of sex-offender conditions. Coupled with the petition was a consent by defendant to the modifications, and this Court modified the conditions of supervision as requested.

Defendant, *pro se*, filed a petition to rescind the modifications. The petition was filed June 29, 2005 and the Court denied the contemporaneous request of appointment of counsel.

The basis for the request for rescission of the modifications was that defendant asserted his consent to the modifications was brought about by duress.

The matter was set for a hearing on August 3, 2005. Present at the hearing were Carrie

Costantin, Assistant United States Attorney and Kenneth R. Fitzgerald, United States Probation Officer. Defendant was also present and as part of his case, the Court received letter dated July 13, 2005 in which defendant asked that the Court's denial of appointment of counsel be reconsidered.

The Court denied the request to reconsider and heard the testimony of defendant and Kenneth R. Fitzgerald.

The evidence revealed that as defendant was to be released from the halfway house at the time his supervised release period began on February 5, 2005, defendant would have no place to reside as he testified he was destitute. He had applied for social security disability benefits and the application for those benefits was pending February 5, 2005.

As a condition to receiving social security benefits, the defendant had to have a residence and the Probation Officer allowed the defendant to stay in the halfway house until the request for social security benefits could be resolved. The request was resolved and as a result of a lung condition, defendant qualified for "Monthly disabled divorced, widowers' benefits beginning March 2005. Petitioner is to receive $712.00 monthly thereafter." Defendant testified that the Probation Officer working through Nat Terrill, case manager for Southeast Missouri Community Treatment Center, required defendant to approve the modified conditions of supervised release or defendant would not be allowed to have a residence at the halfway house. The Probation Officer denied this assertion but the Court finds that even if it were true, the residence that petitioner had at the halfway house qualified him for social security benefits. Absent that, conceivably he would not have received those benefits. Accordingly, even if defendant's claim is correct he has not been prejudiced.

**IT IS THEREFORE ORDERED** that defendant's petition to rescind the modifications of his supervised release is **DENIED**.

Dated this   4th   day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE